**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4635

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMER OTHMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:24-cr-00198-BO-RN-1)

Submitted:  July 23, 2026                                Decided:  July 27, 2026

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  Dallas F. Kratzer III, Samantha A. Wilson, STEPTOE & JOHNSON PLLC, Columbus, Ohio, for Appellant.  Lucy Partain Brown, Assistant United States Attorney, Katherine Simpson Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In December 2024, Samer Othman pled guilty without a plea agreement to possessing a firearm after conviction of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and as a noncitizen illegally present in the United States, in violation of 18 U.S.C. §§ 922(g)(5)(A), 924(a)(8). The district court sentenced Othman to 48 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal because Othman's appeal is untimely. Counsel also asks that he be relieved as Othman's counsel. Othman has filed a pro se supplemental brief in which he challenges the calculation of his Sentencing Guidelines range, and he asserts that counsel rendered ineffective assistance by failing to object to the Guidelines range calculation in the district court. The Government moves to dismiss the appeal as untimely.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may extend the appeal period by up to 30 days. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017); *see United States v. Hyman*, 884 F.3d 496, 500 (4th Cir. 2018) (granting Government's motion to dismiss appeal, which was filed within the time allowed by 4th Cir. R. 27(f)).

2

The district court entered an amended criminal judgment on April 18, 2025. Othman filed his pro se notice of appeal on October 29, 2025. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988). Because Othman failed to file a timely notice of appeal or to obtain an extension of the appeal period, and the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2) ("Motions to dismiss based upon the ground that the appeal is not within the jurisdiction of the Court . . . should be filed within the time allowed for the filing of the response brief."); 4th Cir. R. 31(a) (affording appellee 21 days to respond to appellant's opening brief), we grant the Government's motion to dismiss the appeal.

Although counsel asks this court for leave to withdraw from representation, this court requires that counsel inform Othman, in writing, of his right to petition the Supreme Court of the United States for further review. If Othman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Othman. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*